JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6747 PA (Ex) | Date | December 22, 2022 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Smoker's Paradise Smoke Shop, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

On November 30, 2022, the Court issued an Order to Show Cause (Docket No. 22) because more than 21 days had passed since plaintiff served defendants with the Summons and Complaint and defendants had not –and still have not – responded to plaintiff's Complaint.  See Fed. R. Civ. P. 12(a)(1).  The Court ordered plaintiff to show cause, in writing, why this action should not be dismissed for lack of prosecution.  The Court warned that "[f]ailure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint."  (Docket No. 22.)

On December 7, 2022, plaintiff filed a response in which counsel for plaintiff stated that he had been in contact with defendants' counsel and that the parties were pursuing a settlement.  (Docket No. 23.)  Finding plaintiff's response insufficient to discharge the Order to Show Cause, the Court continued plaintiff's deadline to respond to the Order to Show Cause to December 22, 2022.  (Docket No. 24.)  Specifically, the Court ordered that, by that date, the parties must either "appear to put their settlement on the record, file a notice of dismissal, defendants file an answer or otherwise respond to plaintiff's complaint, or that plaintiff ask for the clerk to enter defendants' default."  (Docket No. 24.)  The Court, again, explicitly warned:  "Failure to respond to this Order may result in the imposition of sanctions, including but not limited to dismissal of the complaint without further warning."  (Id.)

Rather than complying with the Court's December 8, 2022 Order, the parties merely filed a Notice of Settlement on December 22, 2022.  (Docket No. 25.)  A Notice of Settlement is not sufficient to constitute a response to, or otherwise comply with, the Court's prior Orders.

Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b).  See Link v. Wabash R.R., 370 U.S. 626,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6747 PA (Ex) | Date | December 22, 2022 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Smoker's Paradise Smoke Shop, et al. | | |

629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Maritime Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970).  The permissive language of Rule 41 – that defendant "may" move for dismissal – does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal.  Link, 370 U.S. at 630, 82 S. Ct. at 1388-89.  The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order.  See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id. at 1423.  Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor.  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  Dismissal is appropriate "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal."  Id. (citing Ferdik, 963 F.2d at 1263).

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 ("[t]he public's interest in expeditious resolution of litigation always favors dismissal.")).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.

The third Henderson factor at least marginally favors dismissal because the defendants may be further prejudiced unless the complaint is dismissed.  See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

In considering the fourth and fifth Henderson factors, the Court notes that plaintiff was warned about the consequences of failing to comply with the Court's prior Orders.  Despite these warnings, plaintiff did not properly comply with the Orders.  Additionally, the Court intends to dismiss this action without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-6747 PA (Ex) | Date | December 22, 2022 |
|---|---|---|---|
| Title | GS Holistic, LLC v. Smoker's Paradise Smoke Shop, et al. | | |

<u>McHenry v. Renne</u>, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

    The Court therefore dismisses this action without prejudice for lack of prosecution and for failure to comply with the Court's Orders. <u>See</u> Fed. R. Civ. P. 41(b); <u>see also</u> <u>Yourish</u>, 191 F.3d at 986-88; <u>Ferdik</u>, 963 F.2d at 1260. The Court will issue a judgment consistent with this Order.

    IT IS SO ORDERED.